Okay, Mr. Paulson, you're going to be an appellee with no appellant. Come on up here and I think we give you 15 minutes under this situation. Appellant's counsel was notified of this hearing and isn't here. So away we go. Thank you, Your Honor. This case involves an appeal from the trial court granting a motion to dismiss on behalf of the appellees. A complaint was filed in the trial court regarding a nuisance complaint requesting an injunction for violation of a city ordinance regarding the number of cats that a person could own within the village limits. The ordinance states that no person could have more than three cats or dogs over the age of six months and the village complained that the defendant or the appellant had a continuing violation of the ordinance that justified the granting of an injunction. At the trial court level, the trial judge ruled that because the plaintiff did not issue or did not allege sufficient adjudications of a violation of the ordinance, that it was premature to file the complaint for the injunction. So where did that come from? Where's the requirement that if you're alleging a continuing ordinance violation, continuing nuisance, that you can't do that unless you find the defendant several times first? Your Honor, there is no case on point that says that you have to have an adjudication of an ordinance violation before you can file for injunctive relief at the trial court. However, I believe what the trial court was also stating at the time was that there wasn't sufficient facts alleged in the original complaint. Well, that was never raised by you. Were you a trial counsel? Yeah. Mr. Vaynerchuk was, yes, Your Honor. Is this a 2-6-15 motion? Is it a 2-6-19? It is a 2-6-19. And, well, it wasn't labeled as such, was it? No, Your Honor. And then I noticed in your brief you argue, well, it didn't say the cats were older than six months or eight months old or whatever the age was. It doesn't matter. But normally in civil proceedings, if you think the field-to-state facts bond, which relief can be granted, you allege that and give the other side a chance to respond and maybe amend their complaint. Yes, Your Honor. The defense counsel in this case did argue that other grounds and the judge ruled on grounds that weren't argued by the defendant. It does. So at this point, when we're looking to argue to uphold the ruling, we're looking at facts that the appellant could have argued in the first place, and we can't find that there are any facts sufficient that have even been... What facts are missing? Facts are missing, one, is that the ordinance calls for the number of cats to be over six months old. There's no evidence, even support, even brought to the attention of the court on appeal that any of these cats were over six months old. Is this really an issue of pleading or proof? They sort of had to prove that. But in your motion to dismiss, you didn't attack it. You didn't say they didn't plead this fact. That's correct, Your Honor. The arguments were a constitutional argument as far as the ordinance being arbitrary as well as the fact that the trial court and criminal proceeding had ordered that the defendant could keep 10 cats. So the judge's ruling that it wasn't appropriate to file the complaint without an adjudication of the ordinance was not something that was argued by the defense at all. But even now, looking at any facts that have been alleged with the arguments of counsel, there doesn't seem to be a way where they could even... There was no evidence whatsoever that there wasn't any determination of how old the cats were at any time. Yes, there was. This was ruled, but there was no evidentiary hearing. This was done on a motion to dismiss. That's correct, Your Honor, but there doesn't seem to be... That's why we have trials and hearings. That's where the evidence shows up, right? Well, did the village allege violation of that specific ordinance? Yes, ma'am. The violation of the animal ordinance, and that has the six months age limit, right? Yes. And that's a continuing violation, and it is... Well, yeah, a continuing violation is another alleged violation, right? Yes. Because they're looking for... Yeah. So at the pleading stage, you're saying it's insufficient to plead that ordinance 1110, right? Without more specificity? Yes, Your Honor. As an aside, what's the interest in the village of Orion in the number of cats in someone's residence? That's a good question. This seems to be specifically directed at this individual. The defendant was the animal control officer for the village of Orion, and then they were fired. And then immediately after the defendant was fired, they enacted this ordinance that you could only keep three or less cats or three or less dogs. Fewer, fewer. Fewer, fewer. And what had been done, because the village of Orion didn't have a kennel, the defendant was keeping all the animals at... Well, they had an overhouse for cats in the village. Yes. Yes. So the village wanted to put a stop to that and then began enacting these ordinances, and then the defendant attempted to obtain a kennel license. And there was a meeting where the midden entry says that they could... It specifically voted on the fact that the defendant could keep up to five dogs until they were deceased, and then they had to abide by the ordinance. But then right underneath the vote, it says that there was a discussion that the defendant could keep up to ten cats until they were deceased, and then they'd have to abide by the ordinance. And now the village argues that that wasn't really something that was voted on. It wasn't something that they were going to actually allow the defendant to do. So... I just have a general question in particular in regards to cats, is that they can live their entire lives in the home, right? Yes, Your Honor. Okay. Now, what is the public purpose of limiting cats to the village of Orion? There doesn't seem to be one, Your Honor. Because some municipalities, having been a city attorney, have dogs running at large ordinances, but I've never seen a cat at a large ordinance. It seems... Which would be permissible, I would think, for that ordinance to be enacted. This seemed to be tagged along... That's my understanding as well, Your Honor, is that this was tagged along with the dog limitation. And they just threw in cats along with the dog limitation without any specific justification for doing so. Did she still have 70 cats? Not now, Your Honor. The... It was in April 20th of 2016 that the defendant was found to have approximately... According to the search warrant, approximately 70 cats in her house. And in August of 2016, she pled guilty to cruelty to animals misdemeanor charge. And that the order of probation indicated that she could have up to 10 cats. And there's no indication otherwise that says that she hasn't been abiding by her probation order. There's been no investigation or finding whatsoever that she's kept more than 10 cats. Well, if that's the case, then you went at the hearing, right? If they can't prove their case. I believe that's correct, Your Honor. However, that's if... If the purpose... If this case were to be remanded, then I don't believe that the appellant could even prove... At this point, it's been dismissed. At this point, the appellant couldn't even prove that any of the cats were over six months old. There's no indication that they have any proof that the cats were over six months old. If they weren't then, they are now. Well, unless they're given away. Unless they're kittens and they're given away. And, you know, there's nothing that says that this number of cats isn't static. That they're not being given away and no one's being born and also given away. Well, veterinarians can tell if they're over six months. Yes, they can. So that would be a matter of proof, not pleading. And there was no indication that there... Any indication that a veterinarian ever took such a toll, or a pull, rather, and that they have such evidence, I believe it would have been appropriate for them... Well, see, at the motion to dismiss stage, we're... And the court is required to presume the truth of the facts alleged. And then if the... It's up to the plaintiff then to prove those facts. If they don't prove them, they lose. And if they're found to be made in bad faith, they could even be sanctioned. But at a 2-6-15 motion, we don't talk about what evidence they have. Yes, Your Honor. I believe that the appellant brought it up in their brief that this is all... This, by the appellant, would be based on an inference. And I would suggest that that would be quite... What you're basically saying is that pleading just the animals, the ordinance, is... Did they specify how the elements of the ordinance, so to speak, and the violations were? In their... Motion to reconsider, they did lay out specific facts that they're indicating justified adequate factual allegations. And even in those specific factual allegations, there's no mention that these cats were over 6 months old. Well, if there's an injunction that says you can't... Even if the court were to... If your suggestion is here that your client is not in violation of that ordinance, well, if they're not in violation of that ordinance and they don't intend to be in violation of that ordinance,  I guess they'd be harmed by the injunction for having to abide by limiting their ability to have three cats when previous agreements by the village and by the court have indicated that they could have up to 10 cats. Well, in that case, these are facts you bring out of the hearing and maybe the trial judge rules in their favor. So, in a simple kind of framework here, we've got a suit brought by the village alleging a violation of a kenneled animals ordinance, right? Yes, sir. And a nuisance, right? Yes. Okay, inciting to the ordinance of the village, right? That's correct, Your Honor. You moved to dismiss. Yes, Your Honor. On the basis of... One was that the ordinance violation was arbitrary with regard to cats. They're not really... There's no rational basis that they're a nuisance. And then two, that the ordinance by the village is superseded by the order of the Henry County Trial Court in their order of probation allowing the defendant to have up to 10 cats in their house. Okay, so that's... Thank you. I don't have anything further to add, Your Honor. All right. Well, in that case, Mr. Paulson, thank you for your argument today. Thank you. This matter will be taken under advisement, and I've read that this position will be issued.